IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RIZVAN ARSAKHANOV,

    Petitioner,

v.   No. 26-cv-0268-SMD-LF

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Officer Director of
Enforcement and Removal Operations, El Paso Field Office,
Immigration and Customs Enforcement; TODD LYONS,
Acting Director Immigration and Customs Enforcement;
KRISTI NOEM, Secretary, U.S. Department of Homeland
Security; AND PAMELA BONDI, U.S. Attorney General,

    Respondents,[1]

## ORDER TO ANSWER

This matter is before the Court on Rizvan Arsakhanov's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Doc. 1 ("Petition"). Petitioner is detained at the Otero County Detention Center in Chaparral, New Mexico. He filed the Petition through his Next Friend and wife, Elina Kerimova. The Petition states that Petitioner received a favorable asylum decision in 2024; the Government appealed; and that appeal is still pending. Doc. 1 at 2. Petitioner was initially released, but he was re-detained four months ago. *Id.* The Petition challenges his continued immigration detention and notes that he is not subject to a final removal order. *Id.*

Having reviewed the Petition pursuant to Habeas Corpus Rule 4, the Court finds the claims survive initial review. The Clerk's Office has electronically served the Petition on Respondents

---

[1] The *pro se* Petition names the Warden as Respondent, which tracks the form 28 U.S.C. § 2241 petition. The Court adds the above-mentioned federal parties as Respondents. *See Torres-Torres v. Miller,* 2020 WL 4430519 (D.N.M. July 31, 2020) (discussing the party respondents in an immigration habeas case); *Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

via CM/ECF. Doc. 2. The United States Attorney's Office ("USAO") must file an answer to the Petition within 10 business days of entry of this Order. To preserve the status quo, the Government will also be enjoined from transferring Petitioner Rizvan Arsakhanov from the District of New Mexico while the above-captioned case remains pending. Petitioner may file an optional reply within 7 business days after the answer is filed. If the USAO declines to timely respond to the Petition, the Court may enter a separate order granting the requested relief without further proceedings.

The Court finally notes that Petitioner has not paid the $5.00 filing fee for this action. Petitioner must either prepay the $5 habeas filing fee or, alternatively, return a completed motion to proceed *in forma pauperis* within 30 days of entry of this Order.

**IT IS ORDERED** that the Government is enjoined from transferring Petitioner Rizvan Arsakhanov from the District of New Mexico while the above-captioned case remains pending.

**IT IS FURTHER ORDERED** that the USAO shall **ANSWER** the Petition within 10 business of entry of this Order; and Petitioner may file an optional reply within 7 business days after the answer is filed.

**IT IS FURTHER ORDERED** that within 30 days of entry of this Order, Petitioner shall prepay the $5.00 habeas filing fee or submit a motion to proceed *in forma pauperis*; and the Clerk's Office shall mail Petitioner a blank motion to proceed *in forma pauperis*.

**IT IS FINALLY ORDERED** that the Clerk's Office shall **ADD** the additional party Respondents set forth in the caption of this Order.

_____
HON. SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE