**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


RIZVAN ARSAKHANOV,

    Petitioner,

    v.                                  No. 2:26-cv-00268-SMD-LF

DORA CASTRO,[1] *et al.*,

    Respondents.

**<u>ORDER GRANTING MOTION TO DISMISS</u>**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1), and Respondents' Motion to Dismiss Petition (Doc. 7).  The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Motion to Dismiss Petition is **GRANTED**, and the Petition for Writ of Habeas Corpus is **DENIED** as **MOOT**.

**BACKGROUND**

Petitioner's wife brings this petition as next friend because Petitioner lacked meaningful access to federal court proceedings.  While his asylum application was pending, Petitioner was detained at the Otero County Processing Center.  Doc. 1 at 2.  On September 13, 2024, an immigration judge granted Petitioner's asylum application; Department of Homeland Security ("DHS") appealed that decision.  *Id.*  Immigration and Customs Enforcement ("ICE") continued to detain Petitioner pending the appeal's outcome.  *Id.*  Petitioner further alleges that he suffers from health conditions following an open-heart surgery, which require ongoing medical treatment. *Id.* at 1.

---

[1] The case caption shall be updated to reflect that Dora Castro is warden of the Otero County Processing Center.

Respondents subsequently moved to dismiss the Petition, asserting that Petitioner was released from custody on February 20, 2026. Doc. 7 at 2. Respondents assert that this was a full release following the grant of asylum and argue that the Petition should be dismissed as moot due to these changed circumstances. *Id.* Petitioner has not submitted a reply in opposition.

## DISCUSSION

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005) (quoting *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996)). "Without a live, concrete controversy, we lack jurisdiction to consider claims no matter how meritorious." *Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 (10th Cir. 2008) (quoting *Mink v. Suthers*, 482 F.3d 1244, 1253 (10th Cir. 2007)).

Section 2241 provides a remedy when a petitioner is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the sole issue before the Court is the constitutional sufficiency of Petitioner's detention. Because Petitioner has been released following the grant of asylum, his claims are now moot, and there remains no further remedy for the Court to grant.

## CONCLUSION

It is hereby **ORDERED**:

1) The Motion to Dismiss (Doc. 7) is **GRANTED**;

2) The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** as **MOOT**;

3) Respondents **SHALL** file a notice describing Petitioner's manner of departure within two business days of this Order being entered. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus

station, designated drop-off location, or other arrangements).   Additionally, the

notice must include (4) a description or copies of all discharge and travel documents

provided to Petitioner at the time of release;

4)   Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing

before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a).

**IT IS SO ORDERED**.

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**